## BONDURANT v. TAYLOR et al.

A mortgagor not required to pay the fees of the attorney employed by mortgagee in the proceeding to foreclose; nor can an attorney's fee be charged to a party merely because he executed a mortgage to indemnify mortgagee for indorsing his notes.

IN EQUITY. *Appeal from Polk District Court.*

*Opinion by* KINNEY, J. John T. Bondurant executed to Taylor and Henderson, a mortgage on certain lands to secure them as special indorsers on divers notes given by Bondurant to various individuals. Taylor and Henderson filed their bill to foreclose the equity of redemption to said lands, alleging that said notes, amounting in the aggregate to the sum of five hundred dollars, were paid by complainants. Bondurant being a non-resident, upon due proof of notice by publication, a decree *pro confesso*, was rendered against him, and the land sold to Taylor, to satisfy the decree amounting to five hundred dollars.

Subsequently Joseph Bondurant, the complainant in this suit, filed his bill to set aside this decree, alleging that after the mortgage to Taylor and Henderson, that the said John Bondurant, conveyed, for a valuable consideration, the said mortgaged premises to him by deed in fee simple. He charges that there was but a small sum if any due from said John to respondents; that John had paid off nearly all the notes on which they became special indorsers; he prays that an account may be taken of the amount due them, and that the complainant may redeem said premises from said sale, &c.

Taylor answers among other things that there was at the time of making the decree of foreclosure the sum of three hundred and twenty-six dollars and seventy-five cents due Taylor and Henderson for monies paid, and to be paid by them by reason of their liability as indorsers for said Bon-

42

Bondurant *v*. Taylor.

durant, including also the amount due them. He also alleges that he has paid and is liable to pay about fifty dollars as attorney's fees on the various suits brought against John and defendants by reason of becoming his security, and for the foreclosure of said mortgage, and in the present suit, and the costs of suit.

The case was referred to a master commissioner in chancery to state an account between the parties, and ascertain the amount due from either, if any, and to report at the next term of the court.

Upon this reference the master examined witnesses in relation to the value of professional services in conducting the case of Henderson and Taylor, against John Bondurant in foreclosing the mortgage, as also in defending the present case of Bondurant against Taylor and Henderson, and reported to the court the amount testified by the witnesses to be a reasonable fee for conducting and defending said case.

Other items are included in the master's report, but these in relation to attorney fees being the only ones which we consider objectionable, it is not necessary to notice others. This report was excepted to, and one item of three dollars being stricken out, the report was then confirmed: whereupon the complainant appealed.

So much of the report of the master as related to attorney's fees should have been rejected by the court. The sum allowed was forty dollars, and this was not in any respect a legitimate charge against John Bondurant, the mortgagor. He neither directly nor indirectly assumed in the mortgage transaction to pay Taylor and Henderson the expense they might incur in foreclosing the mortgage. He certainly was in no manner benefited by such foreclosure, and hence they cannot recover by virtue of any implied promise of payment. If attorney's fees could be allowed in this instance then, indeed, upon the same principle, such fees would be a proper charge against mortgagors in all cases where the

mortgagee is required to foreclose in order to obtain the benefit conferred by his mortgage. Such has never been the practice, and there is no law or established precedent to justify such a rule.

The mortgage in this case was given as collateral security, and it may be said that the mortgagees were not in any manner benefited by the transaction, and therefore ought not to incur any expense. This does not change the situation which existed between the parties, or enlarge the indebtedness beyond the amount actually stipulated by the parties, and embraced in the mortgage. The necessary expense for professional services in bringing suit upon the mortgage, was a liability which the mortgagees incurred when they accepted the security as indemnity for becoming indorsers.

The allowance of twenty-five dollars for attorney's fees in defending this case in the district court is subject to still stronger objections than the allowance for foreclosing the mortgage. In this case John Bondurant is not a party. The suit is brought by a third person to set aside a decree which it is alleged has been improperly rendered. We are at a loss to know upon what principle John Bondurant would be liable for fees in defending this suit. Certainly not upon any promise, nor by virtue of any moral or equitable obligation. By the answer of one of the defendants, it appears that the decree was for quite an amount more than the complainants were entitled to, and for near two hundred dollars more than appears to be their due by the master's report, including the items for professional services. The complainant in this case filed his bill to set aside or open this erroneous decree which was obtained on the default of the defendant, and the defendants are allowed twenty-five dollars by the court for employing an attorney to defend an unjust and illegal decree obtained at their own instance in the absence of the defendant, who it appears was a nonresident. They first obtain a decree for five-hundred dollars, when as appears from the master's report, deducting

out the items allowed for attorney's fees, they were not entitled to quite three hundred dollars, and because they are required to employ counsel to defend a bill which seeks to expose the injustice of the decree, it is said that their counsel fees should be taxed to a person who is not a party to the record, because that person executed a mortgage to indemnify them for endorsing certain notes. We think this is asking too much of a court of equity, and the court below ought to have rejected this charge, and not permitted it to form a part of the decree.

The court erred in overruling the exceptions to the master's report so far as related to the items for professional services. So much of the decree as confirms that part of the report is reversed.

Decree reversed, in part.

*J. E. Jewett,* for appellant.

*Casady & Tidrick,* for appellees.